# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Rigoberto Islas, also known as | * | [UNPUBLISHED] |
| Oscar, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: July 26, 2005
Filed: August 12, 2005

_____

Before WOLLMAN, BEAM and RILEY, Circuit Judges.

_____

PER CURIAM.

On March 26, 2004, Rigoberto Islas pled guilty to Count I of a superseding indictment alleging that between January 1, 2000, and on or about November 21, 2003, Islas knowingly conspired to distribute and possess with intent to distribute 500 grams or more of methamphetamine. The district court[1] sentenced Islas to 235 months' imprisonment and five years supervised release. Islas appeals his sentence,

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

arguing that under Blakely v. Washington, 124 S. Ct. 2531 (2004),[2] the federal sentencing guidelines are unconstitutional and that because his enhancement was based upon judge-found facts, we should remand this matter for resentencing, avoiding all enhancing provisions not admitted by Islas or proven to a jury beyond a reasonable doubt. For the reasons stated herein, we affirm.

Prior to sentencing, Islas challenged the government's proposed upward adjustment in the Presentence Investigation Report (PSR) based upon Islas' role in the offense. At sentencing, the district court credited the stipulated testimony of Gary Olsen who substantiated the offense conduct contained in the PSR. According to that testimony, the district court determined that more than five people were involved in the conspiracy, that it was an extensive conspiracy involving substantial amounts of methamphetamine and that Islas directed and supervised Olsen and others within the conspiracy. Accordingly, the district court began with a base offense level of thirty-eight, which was adjusted upward three levels under section 3B1.1 for Islas' managerial role, and then adjusted downward three levels for his acceptance of responsibility, resulting in an offense level of thirty-eight. The sentencing range was 235 to 293 months. The district court sentenced Islas at the bottom of the range.

On appeal, Islas does not challenge the facts underlying the district court's application of the sentencing enhancement,[3] but rather the district court's determination of those facts rather than presenting them to a jury. Because Islas raises this argument for the first time on appeal, we review for plain error. United

---

[2]The district court sentenced Islas prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and we now view his claims in that light.

[3]Regardless, based upon the evidence presented at sentencing, there was no error in the district court's conclusion that Islas should receive the three-level adjustment under U.S.S.G. § 3B1.1(b).

States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc).  We must consider whether the district court's application of the enhancement and its use of the guidelines themselves as mandatory, rather than advisory, constitute plain error.  It is Islas' burden to establish that the district court's use of the guidelines in sentencing affected his substantial rights.  Id. at 550.  That is, he must show that there is a reasonable probability that the district court would have imposed a more favorable sentence under the advisory guidelines regime mandated by Booker.  Id. at 553.  Islas is unable to meet this burden.  Although  the district court sentenced Islas at the bottom of the applicable sentencing guidelines range, that alone is not enough to make the required showing.  Id.  There is no other evidence in the record to indicate any reasonable probability that the district court would have imposed a lesser sentence had it applied the guidelines in an advisory fashion.  In addition, Islas' sentence, which resulted from a correct application of the guidelines and fell within the calculated sentencing range, was reasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a).  See Booker, 125 S. Ct. at 765-66.  Accordingly, we affirm.

_____